# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO DAVID ALVAREZ-ALMAGUER,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-02950-RBM-SBC<br><br>**ORDER DENYING PETITION AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[Docs. 1, 2]** |

Pending before the Court are Petitioner Leandro David Alvarez-Almaguer's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2).  The Petition and TRO Motion seek the same relief: Petitioner's immediate release or a bond hearing, and an order enjoining Respondents from removing Petitioner without approval by the Court.  (*See* Doc. 1, Prayer for Relief; Doc. 2 at 2.)  For the reasons below, the Court **DENIES without prejudice** the Petition and TRO Motion.

## I.      BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on or about October 21, 2025.  (Doc. 1 ¶ 1.)  He was detained by Department of Homeland Security ("DHS") officials the same day.  (*Id.*)  DHS initiated removal proceedings against Petitioner on December 4, 2025 by issuing him a Notice to Appear that charged him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i).  (*Id.*)

1

On February 10, 2026, Petitioner filed applications for asylum, withholding of removal, and relief under the Convention Against Torture. (Doc. 5 at 2.)  On February 18, 2026, DHS filed a motion to pretermit Petitioner's applications pursuant to an asylum cooperation agreement between the United States and Ecuador. (*Id.*)  On March 16, 2026, the immigration judge granted the motion to pretermit and ordered Petitioner removed to Ecuador. (*Id.* (citing Doc. 5-2 at 2–7).)  Petitioner appealed the immigration judge's order to the Board of Immigration Appeals ("BIA") on May 7, 2026. (*Id.*)  The BIA summarily dismissed the appeal as untimely. (*Id.* (citing Doc. 5-3 at 2–4).)

Petitioner filed the Petition and TRO Motion on May 11, 2026. (Docs. 1, 2.)  Shortly thereafter, the Court set a briefing schedule. (Doc. 3.)  Respondents filed their Return to Petition for Writ of Habeas Corpus on May 19, 2026. (Doc. 5.)  Petitioner was authorized to file a reply on or before May 26, 2026, but did not file one.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims that his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 24–32.)  Respondents argue that Petitioner's detention is statutorily mandated by 8 U.S.C. § 1231(a) because Petitioner's removal order became final fewer than 90 days ago. (Doc. 5 at 1–4.)  The Court agrees with Respondents and will deny the Petition and TRO Motion.

3:26-cv-02950-RBM-SBC

The BIA dismissed Petitioner's appeal of his removal order, and the order of removal became final, on May 7, 2026. (*See* Doc. 5-3 at 2–4; 8 U.S.C. § 1101(a)(47)(B)(i) (removal orders become final upon denial of appeal to the BIA); 8 C.F.R. § 1241.1(a) (same).)  After entry of a final removal order, a noncitizen is subject to mandatory detention for 90 days under 8 U.S.C. § 1231(a)(1).  Petitioner's detention is still within this 90-day mandatory period, as his removal order became final 20 days ago.  *See* § 1231(a)(1)(A)–(B).  The Court therefore must deny the Petition.

## IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) and TRO Motion are **DENIED without prejudice**.  The Parties **SHALL FILE** a Status Report on or before **August 14, 2026** indicating whether Petitioner has been removed from the United States.  If Petitioner has not been removed by that time, he may file an amended Petition.

**IT IS SO ORDERED.**

DATE:  May 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-02950-RBM-SBC